UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMARA LEY and JAMES LEY

      Plaintiffs,

                            Case No.: 8:15-cv-2687-T-24-TBM

vs.


STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

## ORDER

      This cause comes before the Court on Defendant State Farm's Motion to Dismiss.  (Dkt. 9).  Plaintiff opposes the motion.  (Dkt. 10).  As explained below, the motion is denied.

## I.     Standard of Review

      In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000) (citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true,

dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.    **Background**

This action's genesis is a motor vehicle collision that occurred on May 18, 2014 between Plaintiff Tamara Ley and uninsured motorist, Marissa Storti.  Ms. Storti was driving a car that was owned by Kyle Maule.  Plaintiffs were insured by State Farm, and their insurance policy included uninsured/underinsured motorist ("UM") benefits.

In Count One of the Amended Complaint (Dkt. 8), Plaintiffs bring a claim against State Farm for UM benefits, alleging that although they have submitted a claim to State Farm, State Farm has failed to pay the uninsured motorist benefits to Plaintiffs.  In Count Two, Plaintiffs assert a statutory bad faith claim against State Farm, alleging that State Farm breached its duty to attempt in good faith to settle Plaintiffs' UM claim in violation of Florida Statute § 624.155.  In Count Three, Plaintiffs assert a claim for unfair claim settlement practices in which Plaintiffs seek to recover the total amount of damages, including any amount in excess of Plaintiffs' policy limits, caused by State Farm's unfair claims settlement practices as set forth in Florida Statute § 626.9541(1)(i).

## III.    **Motion to Dismiss**

In response to the Amended Complaint, State Farm filed a motion to dismiss Counts Two and Three.  Specifically, State Farm moves to dismiss Counts Two and Three because—as acknowledged by Plaintiffs in the Amended Complaint—the claims are not yet ripe.  State Farm

asserts that Counts Two and Three improperly and prematurely attempt to assert claims before they have accrued because there has been no determination of liability nor has there been a determination of the extent of damages, if any, owed by State Farm.  The Court addresses these arguments below.

### A.  <u>Count Two: Bad Faith</u>

Plaintiffs have asserted against State Farm both a claim for entitlement to UM benefits (Count One) and a claim for State Farm's bad faith failure to settle their claim for UM benefits (Count Two).  State Farm argues that because Plaintiffs' entitlement claim for UM benefits has not yet been resolved, Plaintiffs' bad faith claim is premature and does not exist at this time.  <u>See</u> <u>Blanchard v. State Farm Mut. Auto. Ins. Co.</u>, 575 So. 2d 1289, 1291 (Fla. 1991) (stating that "an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue").  Therefore, State Farm argues that since the bad faith claim is not yet ripe, it should be dismissed without prejudice.  <u>See</u> <u>Wells v. State Farm Mut. Auto. Ins. Co.</u>, No. 8:13-cv-02355-T-27AEP, 2014 WL 3819436, at *1 (M.D. Fla. Mar. 18, 2014); <u>Blakely v. Safeco Ins. Co. of Illinois</u>, No. 6:13-cv-796-Orl-37TBS, 2013 WL 3270405, at *1 (M.D. Fla. June 26, 2013).  Further, State Farm argues the claim should be dismissed rather than abated because the claim is contingent upon an event that may or may not occur.

Plaintiffs respond that it is more reasonable to join the bad faith claim and the underlying claim for UM benefits, and therefore, they ask the Court to abate the bad faith claim rather than dismiss it.  Plaintiffs argue that abatement is a commonly employed remedy when the bad faith claim involves UM benefits.  <u>See</u> <u>State Farm Mut. Auto. Ins. Co. v. Tranchese</u>, 49 So. 3d 809, 810 (Fla. 4th DCA 2010); <u>Lawton-Davis v. State Farm Mutual Auto. Ins. Co.</u>, 2014 WL 6674458, at

*2-3 (M.D. Fla. Nov. 24, 2014); McCourt v. Liberty Mut. Ins. Co., 2014 WL 6607014, at *1 (M.D.

Fla. Nov. 19, 2014); Safeco Ins. Co. of Illinois v. Beare, 2014 WL 4626851, at *3 (Fla. 4th DCA

2014); Gianassi v. State Farm Mut. Auto. Ins. Co., 2014 WL 4999443, at *3 (M.D. Fla. Oct. 7,

2014); Shapiro v. Government Employees Ins. Co., 2015 WL 127897, at *3 (S.D. Fla. Jan. 8,

2015).

Additionally, Plaintiffs argue that abatement benefits the interest of a judicial economy by

assuring the bad faith claim is heard by a court already familiar with the dispute. In addition,

Plaintiffs contend that the dismissal of a bad faith claim may necessitate a second trial on the issue

of damages in the bad faith case after the underlying UM claim is resolved, which would be a

waste of judicial resources.[1]  See King v. Government Employees Ins. Co., 2012 WL 4052271, at

---

[1]      When an insured prevails on a claim against an insurance company for UM benefits, the judgment entered against the insurance company cannot exceed the UM policy limit, even if the insured proves that their damages exceed the UM policy limit.  See Safeco Ins. Co. of Ill. v. Fridman, 117 So. 3d 16, 19 (Fla. 5th DCA 2013).  This is different than when an injured party sues a tortfeasor and obtains a judgment in excess of the tortfeasor's policy limits, because the judgment in excess of the policy limits is entered against the tortfeasor, not the tortfeasor's insurance company.  See King, 2012 WL 4052271, at *5 n.2.

The difference in the treatment of the jury's damages verdict affects how some courts believe that UM bad faith cases should be tried.  All courts agree that the underlying judgment against a tortfeasor establishes the amount of damages for any bad faith claim related to the insurance company's failure to settle the injured party's claim against the tortfeasor.  However, when the bad faith claim relates to a claim for UM benefits by the insured against their insurance company, some courts conclude that a new trial on the issue of bad faith damages is required, because the underlying UM judgment against the insurance company cannot exceed the UM policy limit, which some courts believe means that the underlying excess damages verdict cannot be reviewed on appeal.  Thus, some courts believe that if a new trial on damages for a bad faith claim relating to UM benefits is not conducted (and the underlying excess damages verdict conclusively proves the bad faith damages), the insurance company would be denied appellate review of the excess verdict and denied due process.  See id at *6.  There is a disagreement among the courts regarding these UM issues.  See Batchelor v. GEICO Cas. Co., 2014 WL 3906312, at *2 (M.D. Fla. June 9, 2014) (disagreeing with courts that conclude that appellate courts cannot review excess verdicts for UM benefits); King, 2012 WL 4052271, at *6 (requiring a second trial on the issue of bad faith damages, because the court believed that the underlying UM excess verdict was not reviewable on appeal); GEICO General Ins. Co. v. Paton, 150 So. 3d 804, 807 (Fla. 4th DCA 2014) (stating that "the initial action between the insurer and the insured fixes the amount of damages" for the UM bad faith action and rejecting the argument that a second trial on damages was warranted); Cadle v. GEICO General Ins. Co., 2014 WL 4983791, at *1-2 (M.D. Fla. Oct. 6, 2014) (noting the disagreement among the courts regarding whether the underlying UM damages excess verdict is binding on the bad faith claim and finding that it is).

*6 (M.D. Fla. Sept. 13, 2012) (stating that the insureds were required to prove their damages in the bad faith action and could not rely on the underlying verdict as conclusive proof of damages).

The case law is split regarding whether to dismiss or abate the bad faith claim, and this Court has discretion to decide between the two options.  While dismissal without prejudice is a legitimate choice, there is still confusion in the case law regarding whether the jury's damages verdict in this UM case is binding on the subsequent bad faith action.[2]  See Cadle, 2014 WL 4983791, at *2 (finding that the UM verdict is binding in the subsequent bad faith action); King, 2010 WL 4052271, at *6 (finding that the UM verdict is not binding in the subsequent bad faith action); Paton, 150 So. 3d at 807 (finding that the UM verdict is binding in the subsequent bad faith action).  In order to ensure that the jury's damages verdict in the UM case is binding on the subsequent bad faith action (and thus avoid the possibility of inconsistent damage valuations), this Court agrees with Plaintiffs that abatement, rather than dismissal, is appropriate.  Neither party will be prejudiced by abatement.

## B.  Count Three: Unfair Claims Settlement Practices

In Count Three, Plaintiffs assert a claim for unfair claims settlement practices, in which they assert that as a result of these unfair practices, Plaintiffs are entitled to recover their total amount of damages.  State Farm moves to dismiss Count Three, arguing that the Court should dismiss it for the same reasons it should dismiss Count Two.  In support, State Farms points to the

---

[2]        This Court is aware that this Court has certified an order in another bad faith case for interlocutory review on the issue of the binding effect of the jury's damages award in the UM case on the subsequent bad faith case.  See Bottini v. GEICO General Ins. Co., Case No. 8:13-cv-365-T-17AEP (M.D. Fla. Dec. 19, 2014).  The issue in Bottini in different from the instant case, because the insurance company in Bottini contends that it was denied full appellate review of the jury's damages verdict, and as such, the insurance company argues that it should not be bound by that verdict.  See GEICO General Ins. Co. v. Bottini, 15-12266 (11th Cir. 2015).  Should the Eleventh Circuit decide the Bottini appeal in a manner that addresses the propriety of dismissal versus abatement of premature bad faith claims, Defendant may file a renewed motion to dismiss the bad faith claim in this case.

fact that courts address and apply the same reasoning to both claims (bad faith and unfair claims settlement practices).   See, e.g., Palma Vista Condo. Ass'n of Hillsborough Cty., Inc. v. Nationwide Mut. Fire Ins. Co., No. 8:09-CV-155-T27EAJ, 2009 WL 2956923, at *1 (M.D. Fla. June 11, 2009).

Plaintiffs oppose dismissal of Count Three and argue that the Court should abate the unfair claims settlement practices claim for the same reasons it should abate the bad faith claim.   The Court agrees with Plaintiffs that this claim should be treated the same as the bad faith claim and that Count Three should be abated.   Accordingly, the Court denies State Farm's motion to dismiss Count Three, and instead, the Court will abate Plaintiffs' unfair settlement practices claim.

### C.   Motion to Strike Paragraphs 9-20

State Farm asks that in the event the Court dismisses Counts Two and Three, that it should also strike paragraphs 9 through 20 from the Amended Complaint.   Because the Court has denied State Farm's motion to dismiss, the Court will not strike those allegations from the Amended Complaint.   Moreover, paragraphs 9 through 20 are incorporated into Count One of the Amended Complaint which has neither been abated nor dismissed, and thus are relevant to the determination of liability in Count One.   State's Farm's motion to strike is denied.

### D.   Stay of Discovery

State Farm asks that in the event the Court abates Counts Two and Three of the Amended Complaint, that discovery related to those counts be stayed.   The Court agrees with State Farm that discovery shall be limited to the underlying claim for UM benefits in Count One of the Amended Complaint.   Once the issue of liability is resolved, then the parties may proceed with discovery related to the bad faith claim in Count Two and the unfair claims settlement practices claim in Count Three.

**IV.**     <u>**Conclusion**</u>

Accordingly, it is ORDERED AND ADJUDGED that State Farm's Motion to Dismiss (Dkt. 9) is **DENIED**:

(1)      State Farm's motion to dismiss Count Two is **DENIED**, and Plaintiffs' bad faith claim is abated;

(2)      State Farm's motion to dismiss Count Three is **DENIED**, and Plaintiffs' unfair claims settlement practices claim is abated;

(3)      State Farm's motion to strike paragraph's 9 through 20 from the Amended Complaint is **DENIED**; and

(4)      Discovery related to Counts Two and Three is stayed pending the determination of liability as asserted in Count One.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of February, 2016.


SUSAN C. BUCKLEW
United States District Judge


Copies to:
Counsel of Record