UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMARA LEY and JAMES LEY

        Plaintiffs,

                              Case No.: 8:15-cv-2687-T-24-TBM

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

## ORDER

This cause comes before the Court on Plaintiffs' response (Dkt. 22) to the Court's Order to show cause (Dkt. 21). The Court recognized in its prior order on Defendant's Motion to Dismiss that the law was not clear as to whether the underlying liability judgment was binding in a subsequent bad faith determination. Dkt. 13. Thus, the Court abated Counts Two (statutory bad faith) and Three (unfair claim settlement practices) of the Complaint.

Subsequent to the Court's Order abating Counts Two and Three, the Florida Supreme Court in *Fridman v. Safeco Ins. Co. of Ill.*, --- So. 3d --- (Fla. Feb. 25, 2016), 2016 WL 743258, made it clear the determination of liability is binding in the subsequent bad faith action. The Court directed Plaintiffs to show cause as to why the Court should not dismiss Counts Two and Three based on *Fridman*. Dkt. 21.

Plaintiffs assert that the Court should abate, and not dismiss, Counts Two and Three because judicial efficiency will be served by keeping the liability and bad faith claims before the same judge. However, the Court previously abated Counts Two and Three not for purposes of

judicial efficiency, but because the law was unclear as to whether the underlying liability would be binding in a subsequent bad faith action.  Because the law is now settled, the Court finds that Counts Two and Three should be dismissed, not abated.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of March, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record